v. Defendant Appellant, arguing on behalf of the Defendant Appellant, Attorney Mr. William G. Giampietro, arguing on behalf of the plaintiff's attorney, Attorney Mr. Terrence M. Jordan. Mr. Giampietro, you can step up. Thank you, Your Honor. Good afternoon. May it please the Court. I represent Tri-Par Die and Mold in this case. This is a replevin case. The plaintiff filed a replevin seeking the return of some tools to make molds, or molds to make jars and lids for them. Within two weeks after the suit was filed, the defendant returned those tools. We then spent about another four or five years arguing about other causes of action the plaintiff brought that all were dismissed. The Court awarded the plaintiff $1,200 for damages for the use of the molds during that two-week period of time. We contest whether that was valid or not, but we're not really arguing to reverse it, and we haven't asked the Court to do that. Two years after the motion was made by the defendant, or by the plaintiff, for attorney's fees and punitive damages, the Court finally entered an order granting no attorney's fees, but granting $100,000 of punitive damages when there was $1,200 of actual damages. That judgment for those punitive damages cannot stand on a multiple basis. Are you saying they can't stand because they're excessive, or they can't stand because you can't get punitive damages in a replevin action? I'm saying you can't get punitive damages in a replevin action. You can't get punitive damages in a contract action. Replevin is a kind of contract action, so whichever way you look at it, the plaintiff is not entitled to any punitive damages at all whatsoever. There just is no basis for it. Counsel, do we need trial transcripts to review this matter? I don't think so, Your Honor. And why not? Because the basis for which the Court entered the punitive damages is simply what the Court said was the fact that the defendant could not find the documents that showed exactly when it made its second set of tools to manufacture these jars and lids. That's a factual matter, so wouldn't we need that, or are we looking at statutory interpretation? Everybody agrees to that, Your Honor. There's no contest about that. That's a given that everybody agrees on. Do we have to review the statute at all here? The statute... To determine whether or not there are punitive damages allowed? Sure, you have to look at the statute. The statute is totally solid on punitive damages, and for all the reasons for the cases we have set forth in our brief, specifically the case of Larson v. Mobile Home Finance Company, specifically says the Replevin statute does not allow for punitive damages. You can't get punitive damages in an action for Replevin. And as I said before, the other cases that we've cited, including Morrow v. L.A. Goldschmidt Associates, says you can't get punitive damages in any kind of a contractual cause of action. It's got to be a tort. This is not a tort case. So there is no basis whatsoever for granting punitive damages. Let me ask you a question. Back when there was a bench trial, the judge found in favor of the plaintiff in Replevin and awarded $1,186 plus, I think it was $2,500 for punitive damages? $2,500 for punitive damages. And did you file a motion to reconsider at that time? We made a motion to vacate that, yes. You did make a motion to vacate that? Yes, and the judge vacated that and said that, well, I need to look at more things to decide what kind of punitive damages. But we said to the trial court all along, you can't give any punitive damages here. And, of course, the real argument all during the post-trial proceedings was about attorney's fees because that's really what was the issue. And she didn't give any attorney's fees because, again, the statute says you can't get them. And it's the same thing. You can't get either attorney's fees or punitive damages. What is the purpose of punitive? Punitive damage, the purpose of punitive damages is twofold. Number one, it's to punish somebody who has engaged in trickery or deceit or some vicious action of that kind akin to it, and to tell other people who might be in that same position, don't do this because you can get hit with punitive damages as well. So it's a twofold thing. It's punitive against the particular party, and it's prophylactic, if you will, against anybody else committing that same kind of action and conduct. And that's my second argument, is in order to even if punitive damages were available as a theoretical matter, you can't get them for the kind of conduct that this defendant engaged in. All this defendant supposedly did was to not give these tools back to the plaintiff when the plaintiff demanded them. But the plaintiff then waited six years before it brought this lawsuit, and then it said we want this stuff back. Now, they didn't need it because they had other tools made, and they're buying these products from other manufacturers. So they didn't really need the tools. But didn't they determine that he was making money off of something that was theirs? Well, that was the plaintiff's theory, that the defendant kept using their tools to make products for somebody else. For a competitor. Right, for competitors. There's no evidence that, in fact, the plaintiff did that. The defendant did it. The defendant's president testified he did not. He made new tools. The minute that the replenishment suit was filed, they gave the tools back within two weeks. Immediately. And the defendant kept on making products for its other people through the other tools that it had made. So I am mystified as to what it is that the defendant supposedly did that could subject it to punitive damages of any kind. Because when it was asked in front of the court to give the stuff back, it gave it back immediately. There's no basis constitutionally for awarding punitive damages for this kind of company. Your position is that the defendant's due process rights were violated as a result of this. Right, because it's substantive due process, Your Honor. It didn't do anything that would subject it to punitive damages. It didn't do anything punitive. It didn't do anything to harm the plaintiff. The plaintiff wasn't harmed in the least. Because, as I said, it had gotten other tools made by other people that it was making product all along. There was no interruption in its business whatsoever. It didn't suffer anything. Other than the theoretical damage that you've got my equipment. Which, as I said, the minute the case was filed, they gave it back. So that's the due process claim is there is nothing intrinsic in what the defendant did that could subject it to punitive damages. And then finally, as the last backup of everything, the cases from the United States Supreme Court on down say that you can't have punitive damages in an amount more than a single digit multiplier. Which would mean in this case the absolute most that could be awarded in punitive damages would be something around $9,000 or $10,000. $2,500, right? Well, that was originally what the court said. If punitive damages were awardable in the reclaiming case, that would fall within the range that's allowable. But as I said before, they just can't get them.  Is there other questions, Your Honor? I was reviewing your brief. I couldn't find where the ratio that you just related was contained in your points and authorities. Is that paragraph or page 14 about the punitive award is not justified by the actual damages? Yes. Yes. As we say on page 14, few awards exceeding a single digit ratio between punitive and compensatory damages will satisfy the process. State Farm Mutual Auto Company versus Kimball. Okay. Thank you. Anything further? Thank you, Mr. GMPHO. You'll have an opportunity to be heard again. Thank you. Mr. Jordan. So may it please the court. My name is Terrence Jordan. I represent the Plaintiff Sensational 4 in this matter. I do believe that it is absolutely necessary to have the transcripts from the trial be part of the record for the plaintiff to be able to, for the defendant to be able to claim that there is nothing in the record to support the court's findings. Isn't this a statutory construction case, though? I mean, where in the Replevin statute is there any mention of punitive damages or does it allude to any mention of punitive damages at all? The statute does not specifically provide for punitive damages. The case law says a plaintiff should be made whole, and the case of Critton versus Cook County Commissioners on Human Rights specifically provides that in a cause of action based upon statutory violation, that punitive damages may be awarded because the statute expressly permits or because the facts of the case allow the imposition of common law punitive damages. And that's what we have here. We have a businessman who has unlawfully retained the property of another business and then used that property to compete with my client. I did not compete with my client in that he took our molds and made plastic jars to sell to our competitors. And he, the court had found that that's exactly what he did. On page 14 of the transcript that was attached to the judgment, the final judgment, the excerpts from I think the 30th of October, the court said, I find that in this particular instance, the conduct was in fact willful and financially motivated by the corporation and individuals within the corporation, ratified by the president of the corporation to use that equipment after demand, after the lawyers were involved, in order to expend or promote, expand or promote their own financial gain. And that is the conduct that the punitive damages are based on, but the defendant chose not to supply any transcripts from the trial, makes reference only to affidavits and depositions that were supplied in opposition to a motion for summary judgment that was eventually granted on the counterclaim. This is not a contract case, as the defendant attempts to characterize it. Oh, he wanted it to be a contract case. He brought a breach of contract action, but that was decided against him. You said that this isn't a contract case, and you said your opponent brought a breach of contract case. Yes. Aren't you claiming that there was an egregious breach of contract relative to your side of the contract? No, sir. Then how did the molds get into the possession of the defendant? Did they burgle your home, your business, your property? Did they buy them and pay with a fraudulent or forged check? No, sir. I believe that what's in the record by way of the pleadings established that my client had ordered that a mold be made and agreed to pay a particular price for the mold. The mold was made, the price was paid, and the mold was used by the mold injection company, the defendant, to make jars on demand and was doing that for a number of years as a result of problems with the quality of the product that was being delivered later on. My client ceased buying the jars from the defendant and had requested all of their molds to be returned. Some of them were. This particular one was not. And my client had no immediate use for that mold anymore and did not file any action, just objected to the defendant retaining the mold. It wasn't until it was discovered that the defendant was using the mold that belonged to my client to make product for my client's competitors that the litigation was instituted. Up until about the last 30 seconds and maybe the last two sentences, it sounded to me like you were talking about there was an offer and an acceptance, an agreement between the parties, consideration was given by both sides. It sounds like a contract. However, the last few seconds you talked about usurping or taking your property and using it for their own benefit, which sounds a little bit like a conversion. Is that correct? It could have been a conversion. So you have an election. You can either file for conversion or you can file for re-plumbing. My client chose not to file for conversion because with conversion what you're doing is you're getting paid for the product that you own, for the equipment that you own, and then the defendant becomes the owner of that property. My client did not want the defendant to continue to use that mold to compete with them. They wanted the old deck. If he was going to compete with them, they wanted him to make one yourself, don't use mine to compete with me. So they chose to file a re-plumbing action, and that's what they did. And as I understand it, your claim for the punitive damages was not that the defendant gave you what you were asking back within two weeks, but what was given to you within two weeks wasn't what you asked for or what you were entitled to, and that the defendant committed a fraud upon you and on the court. That is what I believe that the evidence showed, that in fact, after the mold was returned, that the product that was being produced, that the evidence showed that the product that was being produced was identical to the product that was being made when the court found that he was using our mold, and that the jars that were coming from the mold that was actually created by the defendant were different. There is also the fact that the mold in question was modified, so he changed the evidence, but all of these things are outside of the current record because we don't have the transcripts. Did you say, I thought I heard you say that you're entitled to relief based upon the common law of re-plumbing? No, sir. I said that we're entitled to punitive damages based upon common law punitive damage, and that when you have this type of willful, wanton conduct, that those circumstances justify a punitive award. And what count were these factual allegations concerning punitive damages was enumerated? Counsel is correct in his brief when he says that there was no specific prayer in the re-plumbing count for punitive damages, that the punitive damage requests were in the other counts. And the other counts were ruled or judgment was rendered against you? That is correct. However, when we had concluded the case and we had been arguing for punitive damages in the re-plumbing action, no objection had been raised with respect to punitive damages not being sought. This matter was, the punitive damage issue was fully litigated with no objection being made as to the pleadings, so there was no opportunity to the plaintiff to amend the pleadings after judgment, which is permitted by the rules under certain circumstances. And we proceeded to have a complete hearing that lasted for several hours with respect to the attorney's fees, and the issue of the punitive damage original award for $2,500 was excluding anything for fees. We pointed out to the court that the attorney's fees should be considered a part of punitive damages and not a separate item. The court agreed, vacated the award for the $2,500, and its finding for the punitive damages found that attorney's fees in the amount of $10,000 was warranted. And then issued total punitive damages in the amount of $100,000. And again, we're looking at what the factors are for punitive damage, and it has to do with the ability of the defendant, its financial situation, what benefit the defendant got from using the product, all of which is in the trial testimony, which the defendant chose not to present. Let me ask you, the $2,500 that the court vacated, was that vacated at your request or that of the defendant? As I stand here, I don't specifically remember. However, I will tell the court that we were in agreement that the punitive damage award had to include attorney's fees. So whether this was a situation of leaving the $2,500 and then adding attorney's fees to it and calling it all punitive damages, or whether it was vacating it, I believe that the way in which that happened was that the court decided just to vacate it and come in with a new punitive damage award. But we were telling the judge all along that a punitive damage award had to include the attorney's fees, that the attorney's fees should not be awarded separately, but only as part of punitive damages. You said that you wanted to be made whole, and punitive damages are also known as exemplary damages. And exemplary damages don't make people whole. They're exemplary. They're used as an example to other tortfeasors and other perpetrators of willful and wanton conduct. So if you were entitled under the theory that you were missing or you had been damaged and were entitled to compensatory damages to the tune of $100,000, to call exemplary damages the equivalent is not consistent with my interpretation of the law. If that's what the court understood my argument to be, then I must not have made myself clear. I heard you say that the damage was supposed to make your client whole. That was in response to a question regarding what the Replevin Act provides for damages to make someone whole. In this particular instance, the question of the amount of damage that resulted directly to my client from the defendant using our product to make things that he was selling, the jars that he was selling, we could not show or did not show that we would have clearly gotten the purchase order from, in this case, Wilton Industries for the jars, a purchase order that went to Brandcastle, I believe was the name of the other firm, that engaged the defendant to supply the jars. And so the judge denied our lost profits but considered the profits that the defendant made using our product. And it is unconscionable, I believe, to allow somebody to take your property, use it to make money, and then return your property and go, well, you know, I didn't injure it, it's all the same, and you don't really have any damage because you didn't even need it. But without our product, without our property, the defendant would not have been able to fill that order. And if our competitor couldn't get the jars, we would have gotten the order, we believe. So we have the evidence to that? No. But the record doesn't show any of this because the defendant did not provide the trial transcripts, yet he contends that there's nothing in the record to support a finding of punitive damage. Aren't you describing a conversion? Well, it is a conversion, but on replevin, since the facts that support replevin, you have the option to proceed under replevin or conversion. And as I explained, with conversion, that would have allowed the defendant to retain the property and continue to use it. I hear that my time is up. Anything further? Thank you. Thank you. Mr. James A. Trey, your rebuttal. It's very briefly, Your Honor. First of all, we asked the court to vacate the punitive damage award. It was in our motion to amend judgment by the defendant filed on November 30th of 2012 because we said at that time, there's no basis for punitive damages here. The transcript in this case, the trial was about the defendant's breach of fiduciary duty, fraud, unfair competition, and tortious interference with business relations claims on which the court held against them on everything. The only thing on which the plaintiff prevailed was the replevin count, which the plaintiff had complied with within two weeks of it having been filed. Remember, TRIPAR is the one that made these tools. That's what its business is. It made these things for the plaintiff and then kept them for the purpose of making product out of these tools. It didn't need these tools to make product for anybody else. It made a whole new set of tools. That's what it does. That's its whole business. It didn't need to keep these things. It made new and better tools to make products for its other customers. As the testimony was, it put these things on a shelf in the back and never looked at them until six years later when the plaintiff says, oh, we want them back. It's fine. Here it is. Gave it to them in two weeks. There's nothing in the transcript about punitive damages because the plaintiff didn't prove anything. The two counts for breach of fiduciary duty and fraud were dismissed at the close of the plaintiff's case. The other two counts for unfair competition and tortious interference were dismissed at the close of the entire trial after the defendant put out its evidence. There wasn't anything in the trial about punitive damages or anything. There would be no sense for us to spend thousands and thousands of dollars to print up a transcript that would be totally irrelevant, especially since when the plaintiff only prevailed on the reclaiming claim, you can't get punitive damages. And this claim that common law somehow gives them a right to claim punitive damages is just a non-starter because under the common law, you cannot get punitive damages on a contract claim. And there was no tort claim here on which the plaintiff prevailed, so what's the basis for punitive damages? None. Anything further? No. Thank you, Mr. Chairman. Thank you. Gentlemen, thank you so much, ma'am, for your time here today. The court is adjourned, and we will render decision in due course after taking a look at this. Please travel safely back. Thank you. Thank you.